Common Pleas Court of Trumbull County.

TRUMBULL S. & L. CO. V. JONES ET AL.

Decided ————————, 1929.

*Guarnieri & McVicker*, for mortgagee.
*George H. Birrell,* prosecuting attorney, for Sheriff.

CARTER, J.

The Trumbull Savings & Loan Company, plaintiff, first mortgagee, brought an action in foreclosure against the defendant, Hazel K. Jones to foreclose its mortgage against certain property owned by the defendant Hazel K. Jones, and joined as a party defendant Anna N. Hoyt, a mortgagee holding a second mortgage against the same property, and prayed for a decree of foreclosure. The second mortgagee, Anna N. Hoyt, having answered and set up her claim by way of cross petition such proceedings were had thereon that a finding and judgment was entered in favor of the Trumbull Savings & Loan Company, first mortgagee, for the sum of $3,481.60, and in favor of Anna N. Hoyt, second mortgagee, in the amount of $2,340, and a decree of foreclosure entered and the judgments not having been satisfied the property was ordered sold at sheriff's sale as upon execution, and thereupon said property was sold for the sum of $4,200, the property having been purchased at the sheriff's sale by Anna N. Hoyt, second mortgagee.

Costs were taxed, and included in the costs thus taxed was an item of about $18 poundage claimed due the sheriff. Objection was made by the second mortgagee to this

charge of poundage, and a motion was filed by the second mortgagee to strike the poundage charge from the cost bill, and upon request of the court, an agreed statement of facts was submitted, which agreed statement of facts is as follows:

"The Trumbull Savings & Loan Company brought action against Hazel K. Jones to foreclose a first mortgage on property located on Oak Knoll Avenue, S. E. (formerly Ridgeway Avenue). Anna N. Hoyt filed an answer and cross petition in which she prayed for foreclosure of second mortgage upon which there was due her the sum of $2,340. A decree of foreclosure was entered by the Court finding that the first mortgage to the Trumbull Savings and Loan Company in the amount of $3,481.60 was the first and best lien against said premises, and that the mortgage to the defendant, Anna N. Hoyt, in the amount of $2,340 was the second best lien against said premises. The property was sold to Anna N. Hoyt by the sheriff of Trumbull county for $4,200. The Trumbull Savings & Loan Company has agreed to take a new mortgage upon the premises and give Mrs. Hoyt or the sheriff a receipt in full for the amount found due the plaintiff in this case, to-wit: $3,481.60. Mrs. Hoyt stands ready to give the sheriff or any other person receipt for the amount of the proceeds due her, which will be about $600. The sheriff, in computing the court costs, has added $18 for poundage. No money will be paid into the hands of the sheriff. The taxes and penalty in the amount of $41.81 will be paid to the county treasurer and the county treasurer will receipt the sheriff's docket for the same. The amount of the court costs, $47.55, will be paid to the clerk of courts, and the clerk will receipt the sheriff's docket. Anna N. Hoyt stands ready to pay the sheriff two dollars for the preparation of her deed.

Respectfully submitted,

Guarnieri & McVicker, Robert Cochran, attorneys for Anna N. Hoyt and the Trumbull Savings and Loan Co.

George W. Secrest, attorney for the Sheriff of Trumbull county."

The question presented: Is the sheriff entitled to poundage under this agreed statement of facts.

That part of Section 2845 of the general code which is applicable to the question involved herein provides as follows:

"For the services hereinafter specified when rendered·

the sheriff shall charge the following: * * * Poundage on all moneys actually made and paid to the sheriff on execution, decree or sale of real estate, on the first $10,000, one per cent; on all sums over $10,000, ½ of one per cent., but when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claim of such party, except in writs of sale in partition he shall receive one per cent. on the first $2,000, and one-third of one per cent. on all above that amount coming into his hands."

Poundage is defined in the case of *Major, Sheriff,* v. *International Coal Co. et al.,* 76 O. S., at page 209, as follows:

"As a compensation to the sheriff for the risk incurred in handling and disbursing money actually received by him in his official capacity."

The property sold for $4,200. There was found due the Trumbull Savings and Loan Company, first mortgagee, out of this proceeds $3,481.60, leaving a balance on distribution to the second mortgagee, Anna N. Hoyt, of $718.40, less costs, so that the purchaser was entitled to a part of the proceeds of the sale, thereby coming within the provisions of General Code 2845, which in part provides:

"No poundage shall be charged where such real estate is bid off and purchased by a party entitled to a part of the proceeds except on the amount over and above the claim of such party."

Had the purchase money been paid into the sheriff's hands and paid out, or in other words, made and paid, he would have been entitled to poundage on the sale price of said property, less the costs and claim of the cross petitioner, Anna N. Hoyt, which claim was found by the court to be, under her cross petition, $2,340. The claim referred to in the statute being the claim found due her on her cross petition, and not the amount due her on distribution, to-wit, $718.40, less costs, as claimed in argument.

Now it is claimed that the sheriff is authorized and has authority to compel the purchaser to pay into court the

purchase price of this property regardless of the arrangement made and by reason thereof poundage is a proper item of cost.

It will be observed that the first and second mortgagee are both willing to satisfy the records in the sheriff's office without any money being actually paid to them by the sheriff due to an arrangement between the first and second mortgagee.

In the case of *Major, Sheriff,* v. *Inter-National Coal Co.,* 76 O. S., at page 208, the court discusses the proposition of compelling the purchaser at a sale in which he is entitled to the whole of the proceeds arising from such sale to raise the purchase price and turn it over to the sheriff, and then the sheriff immediately turn it back to him, asserting that it would be requiring the purchaser to do a vain and unreasonable thing which the law does not require, and it is the opinion of the court that the same reasons are pertinent in this case where the first mortgagee and second mortgagee are willing to satisfy the records in the sheriff's office without any money being collected and paid to either of them by the sheriff.

This section of the statute relative to poundage being allowed to the sheriff is to be strictly construed. It was not the intention of the Legislature to permit the sheriff to charge poundage on a sale of property in foreclosure on account of the sale alone, but only in the event is he entitled to poundage where the money was made and paid by the sheriff, as provided by the statute.

The conclusion, therefore, is that under the facts in this case the sheriff is not entitled to poundage as no money was made and paid by the sheriff. See *The Home Building & Loan Co.* v. *Wm. H. Hoskins et al.,* 6 N. P. reports, p. 274; *Ruggles* v. *Bingham et al.,* 14 O. N. P. Reports (N. S.), 333; *Jos. Vance* v. *Bank Columbus,* 2 Ohio Reports, p. 214; *John C. Fiedeldey* v. *Albert D. Diserens,* 26 O. S., p. 312; *Major, Sheriff,* v. *Int. Coal Co. et al.,* 76 O. S., p. 200; *N. W. Lumber Co.* v. *Remusat et al.,* Ohio Law Abstract, Vol. 6, p. 466; *State, on the Relation of Thompson,* v. *Prince, Sheriff,* 37 Pac. Reporter, p. 291; *Perry* v. *Wright, Sheriff,* 45 Pac. Reporter, p. 46.